# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00036-CR

**Danial James Johns, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF HARRIS COUNTY, 185TH JUDICIAL DISTRICT
## NO. 807697, HONORABLE SUSAN BROWN, JUDGE PRESIDING

A jury found appellant Danial James Johns guilty of retaliation and assessed punishment, enhanced by two previous felony convictions, at imprisonment for forty years. *See* Tex. Penal Code Ann. § 36.06 (West Supp. 2000). Appellant contends he was unconstitutionally denied an expert evaluation of his sanity at the time of the offense and that his trial counsel was ineffective. We will overrule these contentions and affirm.

Houston Police Officers William Bush and Andrew Sanchez were approached by an unnamed person who told them that a man named Danial, who was armed with a knife and highly intoxicated, had climbed a tree and refused to come down. The officers went to the described address but saw no one in a tree. The officers were preparing to leave the scene when Officer Bush saw a man fitting the description given by the informer step out of some bushes

carrying what appeared to be a bottle of liquor. That man was appellant. When the officers approached appellant in their patrol cars and called his name, he became enraged and began cursing the officers. The officers attempted to calm appellant but he became more agitated. The officers called for assistance.

Several officers responded to the call. Two of the officers approached appellant from behind, tackled him, and placed him in custody. Appellant cursed the officers and threatened to kill them. Appellant continued to threaten Officer Sanchez's life as the officer drove him to the police station, and threatened the life of another officer at the station. Appellant's threats against Sanchez were the basis for his conviction, and he does not challenge the sufficiency of the evidence.

Appellant's first issue for review reads, "The court, the State, and appellant's attorney denied appellant due process of law by allowing this case to go to trial without a report concerning appellant's sanity at the time of the offense even having been returned to the court." Three days after his arrest, two joint motions were filed by the assistant district attorney and appellant's counsel. The first requested a psychiatric examination "to determine the defendant's present competency to stand trial pursuant to Art. 46.02." *See* Tex. Code Crim. Proc. Ann. art. 46.02 (West 1979 & Supp. 2000) (competency to stand trial). The second motion requested a psychiatric examination "to determine the defendant's present sanity to stand trial pursuant to Art. 46.03." *See* Tex. Code Crim. Proc. Ann. art. 46.03 (West 1979 & Supp. 2000) (insanity defense). Despite its awkward wording, the court understood the second motion to be concerned

2

with the question of appellant's sanity at the time of the offense. The court ordered an examination by Harris County Forensic Psychiatric Services to determine appellant's "competency to stand trial" and "sanity at the time of the offense."

Two months later, a county clinical and forensic psychologist filed a written competency evaluation. The report noted that appellant "has been evaluated or treated on about a half dozen occasions within the public mental health system." Appellant "has been given a range of diagnoses including depression, paranoid schizophrenia, and bipolar disorder, but has not been hospitalized for psychiatric problems within the public mental health system." Appellant claimed to have been treated by a number of private psychiatrists, but could not name any of them. The report did not indicate that appellant was taking, or should have been taking, any prescribed medications. The report stated that there was reason to believe that appellant was "faking" mental and intellectual impairment. The psychologist concluded that appellant was competent to stand trial, but did not express an opinion regarding appellant's sanity at the time of the offense.

Appellant's argument is based entirely on the opinion in *Ake v. Oklahoma*, 470 U.S. 68 (1985). In *Ake*, the United States Supreme Court held that due process entitles an indigent defendant to the appointment of an expert to assist in his defense whenever the defendant makes a preliminary showing that the issue for which he seeks assistance is likely to be a significant factor at trial. *See id.* at 82-83; *see also Williams v. State*, 958 S.W.2d 186, 192 (Tex. Crim. App. 1997); *Rey v. State*, 897 S.W.2d 333, 337 (Tex. Crim. App. 1995). Appellant

3

argues that his due process rights were violated, not because an expert was not appointed, but because he was not provided the appointed expert's opinion regarding his sanity at the time of the offense.

Appellant did not file notice of his intention to raise an insanity defense. *See* Tex. Code Crim. Proc. Ann. art. 46.03, § 2 (West 1979). Absent such notice, insanity was not likely to be a significant factor at appellant's trial. *See Norton v. State*, 930 S.W.2d 101, 109-110 (Tex. App.–Amarillo 1996, pet. ref'd) (withdrawal of insanity plea waived any error resulting from failure to appoint expert). Moreover, appellant apparently voiced no objection to the expert's failure to make a sanity determination. *See* Tex. R. App. P. 33.1(a). No error is shown by issue one.

Issues two and three complain of ineffective assistance by trial counsel. Appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced his defense to such a degree that he was deprived of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); *and see Moore v. State*, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); *O'Hara v. State*, 837 S.W.2d 139, 143 (Tex. App.–Austin 1992, pet. ref'd). He must overcome a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). His burden is

4

made more difficult because the issue was not raised by motion for new trial and there is no record focused on the conduct of counsel. *See id.* at 772 (Baird, J., concurring).

Appellant contends trial counsel was ineffective because he did not raise the insanity defense and did not object to hearsay testimony. The record is silent as to why counsel did not raise the insanity defense; we must presume the decision was a reasonable one. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). The alleged hearsay testimony to which appellant refers was the report from the unnamed informer that appellant was in a tree and armed with a knife. This testimony was offered to prove what was said, that is, to explain why and how the encounter between the officers and appellant began. The testimony was not offered to prove the truth of the matter stated. *See* Tex. R. Evid. 801(d).

Appellant also complains that counsel did not object to improper jury argument. At the guilt stage, the prosecutor argued that the evidence regarding appellant's conduct was uncontested. Appellant urges that this was a comment on his failure to testify. Viewed from the jury's perspective, however, and considering the context, the jury most likely understood this remark as a reference to the consistency of the officers' testimony. During punishment stage argument, the prosecutor referred to appellant's previous conviction for murder as "a depraved heart murder" committed "out of sheer recklessness." The prosecutor added that appellant "was out of control" and that "his conscience did not bother him." Appellant correctly argues that these comments were outside the record, as the only evidence concerning the murder was a penitentiary packet containing the judgment of conviction. But in determining the adequacy of

5

counsel's representation, we assess the totality of the representation rather than isolated acts or omissions. *See Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986). This single failure to object to improper jury argument does not demonstrate ineffectiveness at the trial as a whole. *See Thompson*, 9 S.W.3d at 814. Issues two and three do not present reversible error.

The judgment of conviction is affirmed.

_____

Lee Yeakel, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed:    September 14, 2000

Do Not Publish